In the Matter of the Application of THOMAS O'KEEFE, Respondent, for a Peremptory Mandamus Order against JOSEPH H. WILSON, as Warden of Great Meadow Prison, Appellant.

Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Rhodes and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion in which Crapser, J., concurs. [154 Misc. 340.]

McNAMEE, J. (dissenting). The petitioner was convicted of a felony in the County Court of Rockland county, and improperly sentenced to imprisonment in Sing Sing Prison for a definite term of five years, and thereafter was transferred to Great Meadow Prison. After serving more than a year of this sentence habeas corpus proceedings were instituted before the county judge of Washington county, and an order was made remanding the petitioner to the sheriff of Rockland county. The petitioner was again brought before the court for sentence, but sentence was suspended.

Thereafter application was made to the warden of Great Meadow Prison for the payment to the petitioner of the sum of twenty dollars, pursuant to the provisions of section 125 of the Correction Law, and the warden refused to make the payment. Thereupon this proceeding was begun, and a peremptory mandamus order was made directing the warden to pay that sum to the petitioner.

In so far as material here, the section mentioned provides that " The warden of each of said prisons shall furnish to each prisoner who shall be discharged from prison by pardon or otherwise " certain clothing, " and twenty dollars in money, and a railroad ticket."

In so far as the record shows, the petitioner did not complain of his conviction, nor seek a discharge from the consequences of his felonious conduct, but rather he urged that he be returned to the court in which he was convicted for a proper sentence. It does not appear that the purpose of that proceeding was to discharge him from punishment, but for the purpose of fixing a proper punishment. The freedom which the petitioner now enjoys was not the object nor the result of the habeas corpus proceeding, nor of his illegal sentence, but was only an incident of the later judgment. The suspension of the sentence was not a discharge from the conviction, but a mere deferment of sentence, and he is yet liable to serve a prison term therefor. (Code Crim. Proc. §§ 470-a, 470-b.) The warden did not dis-

charge the prisoner, nor was there any order for such a discharge by him. Under the order in the habeas corpus proceeding the warden released the petitioner into the custody of the sheriff of Rockland county by reason of his conviction and improper sentence. When the petitioner appeared before the court for resentence his status was the same as when he appeared the first time. The petitioner's release under the suspended sentence was not a discharge from prison within the meaning of section 125 of the Correction Law, and the warden was justified in refusing the payment demanded.

The order appealed from should be reversed, with costs.

Crapser, J., concurs.